## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **Civil No.** |
| | : | |
| **Plaintiff,** | : | **(Judge            )** |
| v. | : | |
| | : | |
| **YVETTE KANE** | : | |
| **Defendant.** | : | **Filed Electronically** |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446, Assistant United

States Attorney Mark E. Morrison, hereby gives notice of the removal of a

sanctions proceeding in the Court of Common Pleas of Dauphin County,

Pennsylvania, to this Court.   The Dauphin County court has ordered a proceeding

for December 9, 2013, to determine if Mr. Morrison had authorization, as an

Assistant United States Attorney, to represent the Honorable Yvette Kane in a

federal removal action, and whether his removal of a Pennsylvania writ of

summons to federal court is subject to sanctions.   As party to the sanctions

proceedings, Mr. Morrison respectfully states:

### I.  Procedural History

1.  Plaintiff Stephen G. Conklin, pro se, filed a civil action against Defendant

   the Honorable Yvette Kane in the Court of Common Pleas of Dauphin

1

County, Pennsylvania (2013-cv-2962), on or about April 4, 2013.

2. On June 7, 2013, Mr. Morrison, on behalf of Judge Kane, removed the

matter to this Court.    The action was docketed as <u>Conklin v. Kane</u>, No.

1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to

the Honorable Timothy J. Savage of the District Court for the Eastern

District of Pennsylvania.

3. On July 8, 2013, Mr. Conklin filed a Motion for Remand, arguing that the

writ did not provide the legal basis for the state court action and the removal

was done for an improper purpose contrary to Rule 11 of the Federal Rules

of Civil Procedure.    Mr. Conklin sought costs associated with the remand

motion in the amount of $500.00.    <u>See</u> <u>id.</u> (Doc. No. 4).

4. On July 13, 2013, Mr. Conklin sent Mr. Morrison a letter, purporting to be a

Notice and requesting that he "promptly withdraw your filing of Removal"

and noting he will seek $20,000.00 in sanctions for the alleged violation of

Rule 11.    <u>See</u> Letter attached hereto as Exhibit A.

5. On July 25, 2013, Mr. Morrison, on behalf of Judge Kane, filed a Brief in

Response to the motion for remand.    <u>See</u> <u>Conklin v. Kane</u>, No.13-cv-1351

(Doc. No. 6)

6. On August 27, 2013, this Court remanded the matter back to Dauphin

County, and did not award costs to Mr. Conklin.    See id. (Doc. No. 7).

7.  After remand to the Dauphin County court, Mr. Morrison, on behalf of

    Judge Kane, filed a Rule to file a complaint directed to Mr. Conklin.

8.  On October 21, 2013, Mr. Conklin, through counsel, filed a federal Bivens

    action against Judge Kane; Mr. Morrison; Peter J. Smith, the United States

    Attorney; and Christina Garber, a Legal Assistant in the United States

    Attorney's Office.    See Conklin v. Kane et al., 1:13-cv-02618-JRS (M.D.

    Pa.).    Pursuant to 29 U.S.C. § 292(b), the Honorable Juan R. Sanchez of the

    Eastern District of Pennsylvania was assigned.

9.  In the Bivens complaint noted above, Mr. Conklin claimed that the federal

    defendants engaged in a conspiracy to retaliate against him and his attorney,

    Don Bailey, in violation of his First and Fourteenth Amendment Rights.

    Mr. Conklin argued that Mr. Morrison had no authority to remove the

    Dauphin County writ to this Court, which caused him unnecessary expense

    and emotional distress.    Mr. Conklin also claimed that defendants violated

    his Fourth Amendment right to be free from unlawful searches, and he

    asserted a purported claim under 18 U.S.C. § 242 for "criminal violation of

    his civil rights."    Id.

10. On October 31, 2013, in the Dauphin County action (2013-cv-2962-cv), Mr.

Conklin, pro se, filed a document entitled "Plaintiff's Emergency Motion for

Sanctions with Request for Hearing; Discovery" against Judge Kane and Mr.

Morrison.

11. In that motion, Mr. Conklin claimed that Mr. Morrison did not have

authorization to represent Judge Kane in violation of the United States

Attorney Manual Chapter 3-2.000 et seq.   <u>See</u> Em. Mot. at 6-11.

12. Mr. Conklin also argues that removing the action was an "egregious abuse of

process;" for "improper purposes of harassing and intimidating;" and

"caused unnecessary delay and needless increase in expense."   <u>Id.</u>

13. Mr. Conklin sought sanctions under Rule 1023.1 of the Pennsylvania Rules

of Civil Procedure[1]  and Rule 11 of the Federal Rules of Civil Procedure

---

[1] Pennsylvania Rule 1023.1 is similar to Federal Rule 11 and provides in pertinent part:

> (c) The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,
>
> (2) the claims, defenses, and other legal contentions therein are

4

against Judge Kane and Mr. Morrison.    See id. 8-9 ¶ 38.

14. Also in the sanctions motion, Mr. Conklin argued that Judge Kane should be

    estopped from obtaining judgment against him because he was not properly

    served with the Rule to file a complaint and no evidence of service was filed.

    See id. at 12.

15. As relief, Mr. Conklin sought an injunction against Mr. Morrison from

    representing Judge Kane and additional relief, including punitive relief

    against both Judge Kane and Mr. Morrison.    See id. at 13-14.

16. Mr. Conklin also filed a stay of proceedings until his motion for sanctions

---

warranted by existing law or by a nonfrivolous argument for the
extension, modification or reversal of existing law or the establishment
of new law,

(3) the factual allegations have evidentiary support or, if specifically so
identified, are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

(4) the denials of factual allegations are warranted on the evidence or, if
specifically so identified, are reasonably based on a lack of information
or belief.

(d) If, after notice and a reasonable opportunity to respond, the court
determines that subdivision (c) has been violated, the court may,
subject to the conditions stated in Rules 1023.2 through 1023.4, impose
an appropriate sanction upon any attorneys, law firms and parties that
have violated subdivision (c) or are responsible for the violation.

Pa. R. Civ. P. 1023.1.

was decided.    See Em. Mot. to Stay at 1-2.

17. On November 14, 2014, Mr. Morrison withdrew his appearance as counsel

    for Judge Kane in the Dauphin County action, and thereafter, Thomas B.

    Schmidt, III, Esquire of Pepper Hamilton, LLP entered his appearance for

    Judge Kane.

18. On November 25, 2014, the Dauphin County court scheduled a proceeding

    regarding Plaintiff's Emergency Motion for Sanctions for December 9,

    2013, at 11:00 a.m., and distributed the order to Mr. Morrison.

## II. Reasons for Removal

19. Under 28 U.S.C. § 1442(a)(1), a "civil action" that is "directed to" "any

    officer . . . of the United States . . . in an official or individual capacity for or

    relating to any act under color of such office," may be removed.    The

    statute defines "civil action" as including any proceeding in which a judicial

    order "is sought or issued."    Id. § 1442(d)(1).

20. Section 1442(d)(1) allows for the removal of only "proceedings" and not the

    entire matter.    See id. (providing in pertinent part:"[i]f removal is sought for

    a proceeding . . ., and there is no other basis for removal, only that

    proceeding may be removed to the district court").

21. Mr. Morrison seeks to remove the sanctions proceeding against him to this

Court.   Indeed, this proceeding is separate from the underlying action, which Mr. Conklin has refused to define.

22. Whether or not Mr. Morrison's act appropriately as counsel when he removed a federal action to federal court is purely a federal question.   The federal removal statutes in question, 28 U.S.C.§§ 1441 et seq. provide not only the grounds for removal but the standards of conduct for attorneys that invoke removal.

23. Section 1446(a) provides that notices of removal shall be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."   There is no mention in the statute of any state procedure, with the necessary implication that federal courts, not state courts, have the role of ensuring the notice was "not presented for an improper purpose" and was "warranted by existing law or a nonfrivolous argument."   Fed. R. Civ. P. 11(b).

24. Mr. Conklin relies on both Rule 11 and Pennsylvania Rule 1023.1, but he cites to no authority that Rule 1023.1 applies to federal removal actions.

25. Although similar to Rule 11, Rule 1023.1 has its own Pennsylvania common law interpretations which may or may not conflict with federal law.   See Boyle v. United Tech. Corp., 487 U.S. 500, 504-505 (1988) (noting "a few areas, involving 'uniquely federal interests,' are so committed by the

7

Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law of a content prescribed (absent explicit statutory directive) by the courts-so-called "federal common law") (citations omitted).

26. Here, Mr. Morrison proceeded under a federal statute and federal common law when he argued there was a good faith basis for removal per the federal officer removal statute. See Conklin v. Kane, No. 1:13-cv-1531 (M.D. Pa) (Doc. No. 6). Importantly, Mr. Morrison's good faith basis is stated in his brief in response to the motion to remand, which relied on federal common law interpreting the federal officer removal provision of section 1442(a). See id. (citing Jefferson County v. Acker, 527 U.S. 423, 431 (1989) (noting federal officers may remove state actions "despite even a wholly non-federal cast to the complaint"); see also Mesa v. California, 489 U.S. 121, 136 (1989) (noting the "well pleaded complaint" rule does not apply to federal officer removal); State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir. 1992) (noting "the Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of the chief purpose – to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so").

8

27. The state court cannot enforce Rule 11, a federal rule, as this would confound the federal statutory scheme and raise federalism and Supremacy Clause concerns.

28. Additionally, section 1447(c) provides that when ordering remand, a federal court "may require payment of just costs and any actual expenses," which can include attorney's fees if the court finds that removal was improper.

29. Here, Congress left to the federal courts the ability to award costs and fees when it found that removal was improper. Again, federalism and Supremacy Clause issues arise if a state court could essentially overrule a federal court's decision not to award costs.

30. As noted above, this Court did not grant Mr. Conklin's request for costs in his motion to remand – a motion in which he claimed a Rule 11 violation because of the alleged unlawful removal. See Conklin v. Kane, Civ. No.1:13-cv-01531 (M.D. Pa) (Doc. No. 4). Now, Mr. Conklin attempts to get another bite at the apple by forum shopping for costs, not granted to him previously.

31. The state court's entertainment of a sanctions-proceeding circumvents federal authority and could frustrate a litigant's exercise of federal removal rights. A slippery slope of state courts addressing the propriety of removal

9

using some type of state procedural mechanism before the federal courts addressed the appropriateness of removal could even result.

32. Moreover, the sanctions-proceedings calls for interpretation of whether Mr. Morrison had authority under chapter 3-2000 et seq. in the United States Attorney's Manual to represent Judge Kane.   See Em. Mot. at 10.

33. Whether or not the government acted appropriately in assigning an Assistant United States Attorney to represent a federal actor in what the government believed to be an action against her in her capacity as a federal employee falls squarely within the discretion of the Department of Justice under 28 C.F.R. § 50.15.[2]   A state court should not be allowed to review that decision, which in this case is tantamount to allowing a state court judge to decide whether a federal judge could be represented in federal removal proceeding or otherwise.

WHEREFORE, Assistant United States Attorney Mark E. Morrison moves this Court to remove the December 9, 2013 sanctions proceedings in the Court of Common Pleas of Dauphin County, Pennsylvania in the case of Kane v. Conklin,

---

[2] Although Mr. Conklin has not asserted his basis for suing Judge Kane, the Government has no information that Conklin has any other dealings with Judge Kane, but for official ones as a United States District Judge.   In none of his paperwork before this Court or Dauphin County has Mr. Conklin demonstrated otherwise.

10

No. 2013-cv-2962, to this Court for resolution.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
PA 81799
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel. (717) 221-4482
Fax (717)221-2246
Michael J.Butler@usdoj.gov

Dated: December 6, 2013

# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **CIVIL NO.** |
| | : | |
| **Plaintiff,** | : | **(Judge          )** |
| v. | : | |
| | : | |
| **YVETTE KANE** | : | |
| **Defendant.** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 6, 2013, he caused to be served a copy of the foregoing

## NOTICE OF REMOVAL OF CIVIL ACTION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214


s/Michael J. Butler
Michael J. Butler