

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 13-CV-3058 |
| Plaintiff | : | |
| v. | : | |
| YVETTE KANE | : | MOTION FOR REMAND |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

PLAINTIFF'S MOTION FOR REMAND

NOW COMES, Plaintiff, Stephen G. Conklin who moves upon this Court, to promptly REMAND the above-captioned matter to the Court of Common Pleas of Dauphin County, Pennsylvania. In support thereof, Plaintiff now states the following:

1. On or about April 4, 2013 Plaintiff filed a summons, docketed as No. 2013-cv-2962-cv against Defendant, Yvette Kane; Plaintiff subsequently reissued the summons and caused it to be served upon Defendant on or about May 24, 2013.

2. On or about June 7, 2013 Assistant U.S. Attorney Mark E. Morrison caused this matter to be removed to federal court.[1]

---

[1] Review of the state record indicates the removal was docketed/received on June 11, 2013, and the record sent to the federal court on June 12, 2013.

3. On or about June 14, 2013 Third Circuit Chief Judge Theodore A. McKee assigned by designation the foregoing to District Judge Timothy J. Savage of the Eastern District Court.

4. On or about July 8, 2013 Plaintiff filed a motion for remand.

5. On or about [dated] August 27, 2013 Judge Savage remanded Defendant Kane's removal back to state court for lack of jurisdiction.[2]

6. On or about September 16, 2013 Mark E. Morrison, acting [without authority] in the capacity as Assistant U.S. Attorney for Defendant Yvette Kane, filed a praecipe for rule to file complaint in state court; the prothonotary issued a rule to file complaint on or about September 18, 2013.[3]

7. On or about [as dated] October 21, 2013 Mark E. Morrison, continuing to act [without authority] in the capacity of Assistant U.S. Attorney for Yvette Kane, sent Plaintiff a Ten Day notice for failure to file a complaint on a rule that was never served.[4]

---

[2] Judge Savage in his memorandum states, *inter alia*, at page 2, Fn 1 that: The **defendant** [Yvette Kane] did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). ***Has she done so, she would have forced [plaintiff] Conklin to state what his claims are and what relief he is seeking***. (emphasis added)

[3] The prothonotary-issued rule to file complaint was not served on Plaintiff.

[4] Plaintiff received the ten day notice on the evening of October 23, 2013 and promptly obtained a certified copy of the docket from the Dauphin Prothonotary the next day.

8. On or about October 23, 2013 Plaintiff through counsel, filed a federal [Bivens] complaint, naming Judge Kane, Mark E. Morrison, Peter J. Smith and Christina Garber, filed in federal court and docketed as No. 1:13-cv-02618, based squarely on previous acts of the above-named resulting in the June removal as subsequently remanded on August 27, 2013.[5]

9. On or about October 31, 2013 Plaintiff filed an emergency motion for sanctions with request for a hearing; discovery, against Mark E. Morrison and Defendant Yvette Kane, together with an application for stay of all proceedings.

10. On or about November 14, 2013 Mark E. Morrison withdrew his appearance on behalf of Yvette Kane, and subsequently, the law firm of Pepper Hamilton entered their appearance on behalf thereof.

11. On or about November 25, 2013, the Honorable Scott Evans of the Dauphin County Court issued an order, scheduling a hearing on Plaintiff's sanctions motion for December 9, 2013.

12. On or about December 4, 2013 Pepper Hamilton filed a motion to quash Plaintiff's motion to be heard [by order] on December 9, 2013.

---

[5] The Biven's action is a wholly distinct and separable federal action to the subsequent actions of Defendant Yvette Kane, and Mark E. Morrison filed in state court that gave rise to Plaintiff's emergency motion for sanctions following remand.

13. On December 9, 2013 Plaintiff attended the scheduled hearing in Courtroom 2 of the Dauphin Court of Common Pleas; however, no hearing was held as, Plaintiff was later informed by the clerk court that for reasons unknown to him, the hearing had been continued.

14. Said clerk then directed Plaintiff to accompany him to the prothonotary's office to see, what, if anything was filed. It was there Plaintiff first learned that the "Sanctions" hearing had been removed to federal court. Plaintiff then secured a copy of the removal action papers.

15. The removal indicates it was filed in the office of the Prothonotary of Dauphin County Court on December 6, 2013 at approximately 4:27 pm by Assistant U.S. Attorney Michel J. Butler, [solely] on behalf of Mark E. Morrison, and was sent to Plaintiff via regular and certified mail.[6]

16. Plaintiff now timely files this motion for remand.

---

[6] Noting the late Friday hour of filing, Plaintiff did not receive a copy of the removal until Tuesday, December 10, 2013. No certified copy of the removal, as indicated on the removal certificate of service has ever been received by Plaintiff. Additionally, and more importantly, the notice of removal was filed more than thirty (30) days following Plaintiff's motion, in violation of 28 U.S.C. § 1446(b). It is therefore, facially-defective.

## REMAND

17. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length herein.

18. This court lacks jurisdiction to entertain the U.S. Attorney's office's removal action, on behalf of either Yvette Kane or Mark E. Morrison.

19. The removal of the sanctions hearing filed by Assistant U.S. Attorney Michael Butler clearly indicates [repeatedly] that this removal was filed on behalf of Mark E. Morrison *only,* and therefore, has absolutely no bearing whatsoever on the sanctions Plaintiff sought [and yet seeks] in state court against Defendant, Yvette Kane.[7]

20. Accordingly, this removal of the sanctions motion filed by Plaintiff does not include defendant Yvette Kane, as she is not a party thereto.

21. As to the removal on behalf of Mark E. Morrison, as predicated on Plaintiff's October 31, 2013 emergency motion in state court, Assistant U.S. Attorney Michael J. Butler did not file his notice of removal until December 6, 2013, and/or thirty-six (36) days after the filing of Plaintiff's motion upon which the removal is squarely based.

---

[7] The removal clearly indicates at ¶¶ 10, 13-15 that Plaintiff's motion was brought against defendant Kane as well.

22. This alone, is a clear and direct violation of the rules governing removal as found in 28 U.S.C. § 1446(b) which states in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed ***within thirty days*** after receipt of the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based.... (emphasis added)

23. 28 U.S.C. § 1446(b) goes on to state (as particularly relevant hereto) in pertinent part that:

> If the case stated in the initial pleading is not removable, ***a notice or removal may be filed <u>within thirty days</u> after receipt of the defendant***, through service or otherwise, of a copy of the amended pleading, ***motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable***....(emphasis added)

24. The removal failed to be filed timely, and therefore, this court is without jurisdiction to entertain said removal.

25. Accordingly, the removal of Plaintiff's motion for sanctions by Mark E. Morrison to this Court should be remanded promptly.

26. Plaintiff additionally believes he is entitled to a sum of no less than five hundred ($500.00) dollars for having to attend a scheduled hearing (without any notice to the contrary) on his motion for sanctions that was improperly removed, and further, for having now to defend, by way of remand, a removal that is, lawfully, without effect.

## RELIEF

27. For the foregoing causes stated, incorporated as if set forth at length herein, Plaintiff entreats this Court to remand plaintiff's motion for sanctions from state court forthwith; that Plaintiff be awarded the sum of five hundred ($500.00) dollars because of the improper removal from state court sanctions motion, and need to defend by way of remand herein; and, for any and all additional relief that this Court deems just and proper.

WHEREFORE, in consideration of all the foregoing reasons, Plaintiff seeks all manner and means of relief consistent therewith.

_____
Stephen G. Conklin

### CERTIFICATE OF CONCURRENCE/NON CONCURRENCE

I, Stephen G. Conklin do hereby certify that on January 6, 2014 I contacted Mark E. Morrison's attorney of record, Michael J. Butler, Assistant U.S. Attorney at 2:45 pm, seeking his concurrence/non-concurrence in the foregoing matter of remand and Mr. Butler stated he does not concur.

Date: January 6, 2014

_____
Stephen G. Conklin

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. |
| Plaintiff | : | |
| v. | : | |
| YVETTE KANE | : | MOTION FOR REMAND |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

DECLARATION

I, Stephen G. Conklin, Plaintiff in the above captioned matter do hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 6, 2014

_____
Stephen G. Conklin

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. |
| Plaintiff | : | |
| v. | : | |
| YVETTE KANE | : | MOTION FOR REMAND |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do hereby certify this 6th day of January 2104, that I caused a true and correct copy of my foregoing Motion for Remand upon the parties as listed below:

Michael J. Butler
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108-1754
(Atty. For Mark E. Morrison)

_____
Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450