# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Stephen G. Conklin                          :
                                            :
                     Plaintiff,             :
                                            :
            vs.                             :    NO. 1:13-cv-3058
                                            :
Yvette Kane,                                :    THE HONORABLE JUAN R. SANCHEZ
                                            :
                     Defendant.             :
                                            :

## DEFENDANT YVETTE KANE'S BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR REMAND

## I.      INTRODUCTION

          Plaintiff Stephen G. Conklin seeks remand of his motion for sanctions

("Sanctions Motions") that was filed in the Dauphin County Court of Common

Pleas against defendant Yvette Kane[1] and her former counsel, Assistant United

States Attorney Mark E. Morrison.[2]  Assistant United States Attorney Morrison

removed the Sanctions Proceeding pursuant to the federal officer removal statute,

28 U.S.C. §§1442 and 1446.

---

          [1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the
United States District Court for the Middle District of Pennsylvania.

          [2] All proceedings relating to the Sanctions Motion are hereinafter referred to
as the "Sanctions Proceeding."

In his Motion For Remand (the "Motion"), Mr. Conklin cites 28 U.S.C. § 1446(b) as the basis for arguing that removal of the Sanctions Proceeding was not timely.  He also argues, without citing any authority for the proposition, that even if timely, removal was only effective as to the proceedings against Assistant United States Attorney Morrison and not effective as to the proceedings against Judge Kane.[3]

Mr. Conklin's Motion is legally flawed and must be denied.  First, Mr. Conklin incorrectly relies on *subsection (b)* of 28 U.S.C. § 1446, arguing that a notice of removal had to be filed within 30 days of service of the Sanctions Motion.  While subsection (b) does set a 30-day period for removal after receipt of an "initial pleading," *subsection (g)* of 28 U.S.C. § 1446 creates another 30-day period in which to remove a proceeding, as that term is defined in the statute.

Under subsection (g), a notice of removal is timely so long as it is filed within 30 days of notice of a proceeding in which a federal officer would be required to provide evidence or testimony.  In this case, Assistant United States Attorney Morrison filed a Notice of Removal only 11 days after the Dauphin County Court issued its order scheduling a hearing on the Sanctions Motion.

---

[3] Mr. Conklin raises this argument in his Motion but fails to address it in his brief.  Pursuant to LR 7.5, Mr. Conklin's failure to brief this issue should be deemed a withdrawal of this issue from the Court's consideration.  Judge Kane nevertheless addresses the error of this argument in more detail below.

Because the Notice of Removal was filed within 30 days of the order scheduling the hearing, removal was timely.

Second, removal of a proceeding by a federal officer removes the entire proceeding. Because Assistant United States Attorney Morrison filed a timely Notice of Removal, the entire Sanctions Proceeding has been removed to federal court, including the proceedings against Judge Kane.

## II.     COUNTER STATEMENT OF THE PROCEDURAL HISTORY

Plaintiff's claims in the Sanctions Proceeding arose in a state court action commenced by Mr. Conklin against Judge Kane in the Dauphin County Court of Common Pleas. Mr. Conklin, *pro se*, commenced the state court action against Judge Kane by filing a Praecipe for a Writ of Summons on April 4, 2013, that was docketed at No. 2013-CV-2962. The Writ of Summons named "Yvette Kane" as the defendant and did not identify her as a sitting federal judge.

The Writ of Summons was issued on April 4, 2013, and re-issued on May 10, 2013. On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Judge Kane.

### Removal and Remand of the State Court Action

On June 11, 2013, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District

of Pennsylvania ("Middle District") was filed by Assistant United States Attorney

Mark E. Morrison as counsel for Judge Kane.  Mr. Conklin filed a timely motion to

remand in the Middle District.  After briefing, Hon. Timothy J. Savage remanded

the action, having concluded that the propriety of removal pursuant to the federal

officer removal statute, 28 U.S.C. § 1442(a)(3), could not be determined until a

complaint was filed.  *See Conklin v. Kane*, No. 13-cv-1351 (M.D. Pa. Aug. 27,

2013).  On September 18, 2013, following remand, a Rule was issued in the state

court action directing Mr. Conklin to file a complaint.  The Rule was not served at

that time.

### The Sanctions Proceeding

On October 31, 2013, Mr. Conklin filed an Emergency Motion for

Sanctions ("Sanctions Motion"), seeking sanctions against Judge Kane and

Assistant United States Attorney Mark E. Morrison for the allegedly improper

removal of the state court action to the Middle District.  Contemporaneously with

the filing of the Sanctions Motion, Mr. Conklin filed an Emergency Application

for Stay in the state court action pending a hearing on the Sanctions Motion.  The

Dauphin County Court took no action on the Application for Stay, but by order

dated November 25, 2013, it scheduled a hearing on the Sanctions Motion for

December 9, 2013.

## Removal of the Sanctions Proceeding

Because Assistant United States Attorney Morrison was named in the Sanctions Motion, he withdrew as Judge Kane's counsel and, on November 15, 2013, the undersigned entered their appearance for Judge Kane.  On December 6, 2013, Assistant United States Attorney Michael Butler, as counsel for Attorney Morrison in the Sanctions Proceeding, filed a Notice of Removal of the Sanctions Proceeding in the Middle District, filed a notice of that filing in the Dauphin County Court, and served Mr. Conklin.  The Sanctions Proceeding was docketed in the Middle District at No. 1:13-cv-3058 and assigned to Hon. Juan R. Sanchez pursuant to 28 U.S.C. § 292.

## Plaintiff Conklin's Failure to File a
## Complaint and Entry of Judgment of Non Pros

After entering their appearance for Judge Kane, the undersigned moved forward with respect to the state court action.  On November 19, 2013, the previously-issued Rule directing Mr. Conklin to file a complaint within 20 days or suffer entry of judgment of non pros in the state court action was served pursuant to Pa. R.C.P. 440 and 1037.  On December 9, 2013, because no complaint had been filed by Mr. Conklin, he was served with a Notice of Intent to Enter Judgment of Non Pros.  On December 23, 2013, Judge Kane filed a Praecipe for Entry of

Judgment of Non Pros in the state court action and judgment was entered against

Mr. Conklin.[4]

## III.    COUNTER STATEMENT OF THE RELEVANT FACTS

The facts relevant to plaintiff's Motion are undisputed and relate

entirely to the timeless of removal.  The Court need consider only three dates to

understand that plaintiff's Motion must be denied.

First, plaintiff filed  his Sanctions Motion against Judge Kane and

Assistant United States Attorney Mark E. Morrison in the Dauphin County Court

on **October 31, 2013**.  Second, by order dated **November 25, 2013**, the Dauphin

County Court scheduled a hearing on the Sanctions Motion for December 9, 2013.

Third, Assistant United States Attorney Morrison filed a Notice of Removal on

**December 6, 2013**, only eleven days after the order scheduling the hearing on the

Sanctions Motion was issued.

## IV.    COUNTER STATEMENT OF THE ISSUES PRESENTED

**A.**    **Was removal of the Sanctions Proceeding pursuant to the federal officer removal statute, 28 U.S.C. §§ 1442 and 1446(g), timely?**

**Suggest Answer:  Yes.**

**B.**    **Did removal of the Sanctions Proceeding by one federal officer remove it as to all parties?**

---

[4] A copy of the Dauphin County Court's docket entries for the state court action is attached to this brief as Exhibit A.  The Court may take judicial notice of these docket entries pursuant to F.R.E. 201.

Suggested Answer: Yes.

## V.    ARGUMENT

### A.    Assistant United States Attorney Morrison's Notice of Removal was timely.

The removal of the Sanctions Proceeding was timely because Assistant United States Attorney Morrison filed a Notice of Removal within 30 days of receiving notice that a hearing on plaintiff's Sanctions Motion was scheduled in the Dauphin County Court of Common Pleas.   That removal was timely has been squarely addressed by the Court in *In re Proceeding in Which the Commonwealth of Pennsylvania Seeks to Compel the Defender Ass'n of Phila. to Produce Testimony,* No. 13-cv-1871, 2013 U.S. Dist. LEXIS 115309, at *10-11 (E.D. Pa. August 15, 2013) (the "*FCDO Litigation*").[5]

At issue in the *FCDO Litigation* was whether the Federal Community Defender Organization ("FCDO") was authorized to represent a death row prisoner in his state post-conviction proceedings.  The Commonwealth of Pennsylvania filed a motion in the Pennsylvania Supreme Court to remove the FCDO as counsel. The Supreme Court then issued an order directing that a hearing be held on the Commonwealth's motion.  The FCDO thereafter filed a notice of removal.

---

[5] A copy of this opinion is attached hereto as Exhibit B.

In considering the Commonwealth's motion to remand, the Court had to decide whether the FCDO's removal was timely. The Commonwealth argued that the FCDO had to remove the disqualification proceeding within 30 days from the date the Commonwealth filed its motion. The FCDO argued that it had 30 days from the date it received notice that a hearing had been scheduled. The Court agreed with the FCDO, holding that, under 28 U.S.C. § 1446(g), a judicial order scheduling a hearing at which testimony or evidence will be given or sought is an event that triggers a 30-day period in which to file a timely notice of removal. Section 1446(g) provides that:

> Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

*Id.*

"Under § 1446(g), a notice of removal is timely if it is filed within thirty days of receiving notice that a judicial order for testimony or documents is 'sought,' or 'issued' or 'sought to be enforced.'" *FCDO Litigation,* 2013 U.S. Dist. LEXIS 115309, at *10 (citing 28 U.S.C. § 1446(g)). As the *FCDO Litigation* Court explained, the removal statute "contemplates that the same § 1442(a)

proceeding could be removed at more than one juncture." *Id.* As an example, the Court noted, "the federal recipient of a subpoena can properly remove the proceeding after receiving notice of the original subpoena, but it could also properly remove the proceeding upon notice of the issuance of a court's order for its testimony." *Id.*

As the Court further explained, the statute's legislative history supports a broad reading of the federal officer removal statute.

> Section 1446(g) was drafted at the request of the Department of Justice to "maintain the current and long-standing [Department of Justice] practice of resetting the 30-day removal clock for cases that involve enforcement of a subpoena." H.R. Rep. No. 112-107 at 6-7 (2011-12). The House Report explained that because the Justice Department typically ignored subpoenas in the first instance, the Department wanted to maintain its ability to "re-trigger" the removal period when it received notice of a party's motion to enforce, the point at which the Department could no longer ignore the subpoena. *Id.*
>
> Congress intended to provide a federal officer with an opportunity to remove a proceeding when it would be clear that it needed to take action, even if it meant "re-set[ting]" the clock to allow a second or third chance.

*Id.* at *10-11.

The Court, therefore, concluded that, even if a proceeding could have been removed at an earlier time, the removal clock was "re-triggered" when a federal officer is given notice that a hearing requiring his production of documents and/or testimony had been scheduled. *Id.* So long as notice of removal is filed

within 30 days of receiving notice that a hearing has been scheduled in which a federal officer would be required to provide evidence or testimony, removal is timely. *Id.*

The Court's decision reflects the underlying principle "[t]hat a federal officer or agent shall not be forced to answer for acts performed under color of his office in anything but a federal forum." *Kolibash v. Comm. on Legal Ethics of the W.Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989). Moreover, "one of the most important reasons for [the federal officer removal statute] is to have the validity of the defense of official immunity tried in a federal court." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999). To further the statute's purpose it must be interpreted broadly. *Kolibash*, 872 F.2d at 576 ("the right of removal conferred by § 1442(a)(1) is to be broadly construed"); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir. 1975) ("The federal officer removal statute is not 'narrow' or 'limited,'" and its policy "should not be frustrated by a narrow, grudging interpretation of 1442(a)(1)"). Courts, therefore, should reject a "narrow, grudging interpretation" of the federal officer statute in an effort to ensure that its purpose is not frustrated. *Jefferson County*, 527 U.S. at 431-32 (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

In this case, the Court is not so much called upon to interpret the federal officer removal statute as to apply it, since the plain, unequivocal language

of 28 U.S.C. § 1446(g) creates a 30-day period in which to file a notice of removal that begins when an order is issued scheduling a hearing at which a federal officer will provide evidence or testimony.  Because Assistant United States Attorney Morrison filed a notice of removal within 30 days of the issuance of an order by the state court scheduling the hearing on plaintiff's Sanctions Motion, removal was timely.

**B.     Removal by one federal officer removes the entire proceeding.**

Because Assistant United States Attorney Morrison filed a timely notice of removal, the entire Sanctions Proceeding has been removed.  The filing of a notice of removal by one federal officer has the effect of removing the entire proceeding to federal court.  *See Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Circuit 1965) (stating that "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.")

## VI.   CONCLUSION

Because removal was proper and timely, the Sanctions Proceeding, including the request for sanctions directed to Judge Kane, must remain in this Court and plaintiff's Motion for Remand must be denied.

Respectfully submitted,

Dated:  February 5, 2014          *s/  Thomas B. Schmidt, III*

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendant Yvette Kane's Brief In Opposition To Plaintiff's Motion For Remand complies with the word count requirements of L.R. 7.8(b)(2) in that the Brief does not exceed 5,000 words.  The word count of the Brief is 2,444 words (excluding the signature block and required certificates).

*s/      Thomas B. Schmidt, III*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2014, a true and correct copy of the foregoing Defendant Yvette Kane's Brief In Opposition To Plaintiff's Motion For Remand was served via First Class, U.S. Mail, postage prepaid upon the following:

Michael J. Butler, Esq.
US Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA  17108
***Attorney for Mark E. Morrison***

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA  15214
***Pro Se Plaintiff***

*s/      Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)