**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

Stephen G. Conklin     :
           :
     Plaintiff,  :  NO. 1:13-cv-3058
           :
    vs.     :
           :  HON. JUAN R. SANCHEZ
Yvette Kane,      :
           :
     Defendant. :

---

**DEFENDANT YVETTE KANE'S MOTION TO DISMISS**
**PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Yvette Kane,[1] by her undersigned counsel, moves to dismiss plaintiff's motion for sanctions ("Sanctions Motion"), which was removed to this Court on December 6, 2013, pursuant to the federal officer removal statute, 28 U.S.C. §§ 1442 and 1446.  Judge Kane denies that there is any merit whatsoever to plaintiff's Sanctions Motions; but even accepted as true, plaintiff's factual allegations, distinct from his conclusory assertions, do not describe any violation of state or federal rules governing the filing of signed documents in state or federal courts, or otherwise state a basis for imposing sanctions on Judge Kane.

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

## Background

1.      On April 4, 2013, plaintiff commenced a suit against Judge Kane in the Court of Common Pleas of Dauphin County, Pennsylvania (the "Dauphin County Action") by filing a praecipe for a Writ of Summons ("Writ").

2.      On May 10, 2013, at plaintiff's request, the Writ was re-issued.

3.      On May 24, 2013, the Writ was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Judge Kane.

4.      On June 11, 2013, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania ("Middle District") was filed by Assistant United States Attorney Mark E. Morrison as counsel for Judge Kane.

5.      Plaintiff filed a motion to remand that was granted because Hon. Timothy J. Savage[2] concluded that the propriety of removal could not be determined until a complaint was filed in the Dauphin County Action.  *Conklin v. Kane*, No. 13-cv-1351 (M.D. Pa. Aug. 27, 2013).

---

[2] Judge Savage of the United States District Court for the Eastern District of Pennsylvania was sitting by designation pursuant to 28 U.S.C. § 292(b).

6.     On September 18, 2013, following remand, a Rule was issued by the Dauphin County Court directing plaintiff to file a complaint or suffer entry of a judgment of non pros.

7.     On October 31, 2013, before the Rule was served, plaintiff filed his Sanctions Motion against Judge Kane and AUSA Morrison, claiming essentially (a) that both of them had violated Pa. R.C.P. 1023.1 in removing the Dauphin County Action, and (b) that AUSA Morrison lacked authority to appear as counsel for Judge Kane in connection with the Dauphin County Action.

8.     Plaintiff's Sanctions Motion cites Fed. R.Civ.P. 11, but does not seek relief pursuant to it.

9.     On November 19, 2013, the Rule directing plaintiff to file a complaint or suffer entry of judgment of non pros in the Dauphin County Action was served pursuant to the Pennsylvania Rules of Civil Procedure.

10.    On November 25, 2013, the Dauphin County Court scheduled a hearing on plaintiff's Sanctions Motion for December 9, 2013.

11.    On December 6, 2013, AUSA Morrison filed a notice removing the Sanctions Motion proceeding to the Middle District pursuant to the federal officer removal statute, 28 U.S.C. §§ 1442 and 1446.

12.    On December 23, 2013, because no complaint had been filed in the Dauphin County Action, judgment of non pros was entered against plaintiff.

## **Plaintiff's Sanctions Motion Should Be Dismissed**

13.    Plaintiff's Sanctions Motion seeks relief pursuant to Pa. R.C.P. 1023.1 *et seq*. (Sanctions Motion, ¶¶ 37-44), the state law equivalent of Fed. R.Civ.P. 11, and also cites Rule 11.  (Sanctions Motion, ¶ 38; Ex. A).

14.    Plaintiff's Sanctions Motion alleges that the removal of this action to the Middle District by Judge Kane's former counsel AUSA Morrison was done for the improper purpose of harassing and intimidating plaintiff.[3]

15.    Pa. R.C.P. 1023.1 applies only to documents filed in a Pennsylvania state court and authorizes the imposition of sanctions upon the person who signed the document and, in certain circumstances, that person's law firm.

16.    While a represented party may be sanctioned pursuant to Pa.R.C.P. 1023.1, monetary sanctions may not be imposed on a represented party for advocating a legal contention.  Pa. R.C.P. 1023.4(b)(1).

17.    Pa. R.C.P. 1023.1 cannot be the basis for imposing any sanction on Judge Kane because (a) the document at issue was a notice of removal filed in

---

[3] While the Sanctions Motion raises other issues (Sanctions Motion, ¶¶ 53-61, 64), those  issues are now moot due to intervening events.  Specifically, AUSA Morrison was replaced by the undersigned private counsel.  Additionally, no default judgment was entered as forecast by the Sanctions Motion; rather, default judgment was entered in the Dauphin County Action on December 23, 2013, pursuant to a properly-served Rule.  Plaintiff has not challenged entry of that judgment.

the Middle District, not state court (Sanctions Motion, ¶ 31); (b) Judge Kane did not sign the notice of removal; and (c) the notice of removal was not filed for an improper purpose but rather was warranted by a reasonable interpretation of existing law.

18.     While a represented party may be sanctioned pursuant to Fed.R.Civ.P. 11, monetary sanctions may not be imposed on a represented party for advocating a legal contention.  Fed.R.Civ.P. 11(c)(5)(A).

19.     Fed.R.Civ.P. 11 cannot be the basis for imposing any sanction on Judge Kane because (a) she did not sign the notice of removal and (b) the notice of removal was not filed for an improper purpose but rather was warranted by a reasonable interpretation of existing law.

FOR THESE REASONS, and those set forth in the accompanying brief, which is incorporated here by reference, defendant Yvette Kane requests that this Court dismiss plaintiff's Sanctions Motion.

Respectfully submitted,

Dated: March 4, 2014          *s/      Thomas B. Schmidt, III*
                              Thomas B. Schmidt, III (PA 19196)
                              Tucker R. Hull (PA 306426)
                              Pepper Hamilton LLP
                              Suite 200, 100 Market Street
                              P.O. Box 1181

Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Plaintiff has advised undersigned counsel that plaintiff does not concur in the relief requested by this motion.

_s/      Thomas B. Schmidt, III_____
Thomas B. Schmidt, III. (PA 19196)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2014, a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Motion for Sanctions was served by U.S. Mail, First Class postage prepaid, upon the following individuals and through the Court's ECF system.

Michael J. Butler, Esquire
United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA  17108
***Attorney for Mark E. Morrison***

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA  15214
***Pro Se Plaintiff***

*s/      Tucker R. Hull*
Tucker R. Hull (PA 306426)