IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-3058 |
| | : | |
| YVETTE KANE | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                                                            September 5, 2014

      This Memorandum addresses several motions filed by pro se Plaintiff Stephen G. Conklin in connection with a sanctions proceeding removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446. The underlying sanctions proceeding arises out of a lawsuit Conklin initiated in state court against Yvette Kane, a federal judge sitting in the Middle District of Pennsylvania, via a writ of summons.[1] Judge Kane's attorney at the time, Assistant United States Attorney (AUSA) Mark E. Morrison, removed the suit to federal court, but the case was later remanded because removal was premature. Following remand, Conklin moved for sanctions against Judge Kane and Morrison for, among other things, their role in removing the case. After the state court scheduled a hearing on the motion, Morrison removed the sanctions proceeding, and Conklin filed a timely motion to remand. Conklin later filed a motion for this Court's recusal. Having concluded there is no basis for recusal, the proceeding was removable under 28 U.S.C. § 1442, and the notice of removal was timely filed, this Court will deny Conklin's motions to recuse and remand. Moreover, because it is apparent from the record that Conklin's underlying motion for sanctions is meritless, it too will be denied.

---

[1] Although Conklin's writ of summons does not refer to Defendant Kane's status as a federal judge, she is referred to herein as Judge Kane.

**BACKGROUND**

Conklin is a frequent litigant in the Middle District of Pennsylvania, and has, over a number of years, been involved in multiple lawsuits presided over by Judge Kane. *See, e.g.*, *Conklin v. Purcell, Krug & Haller et al.*, No. 05-1726 (M.D. Pa. Aug. 23, 2005); *Conklin v. Warrington Twp. et al.*, No. 06-2245 (M.D. Pa. Nov. 20, 2006); *Conklin v. Anthou*, No. 10-02501 (M.D. Pa. Dec. 7, 2010). In one of those cases, Conklin unsuccessfully sought Judge Kane's recusal, complaining that he and his attorney, Don Bailey, could not get a fair trial in the Middle District because of bias and prejudice against them. *See generally Conklin v. Anthou*, No. 10-02501, 2011 WL 1303299 (M.D. Pa. Apr. 5, 2011).

More recently, Conklin initiated the above-captioned action against Judge Kane by filing a writ of summons in the Dauphin County Court of Common Pleas on April 4, 2013. Service of the writ of summons was completed on May 24, 2013, but Conklin had still not filed a complaint or otherwise disclosed the nature of his suit by that date. On June 7, 2013, Morrison, acting on behalf of Judge Kane, removed the case to federal court, relying on the federal officer removal statute, 28 U.S.C. § 1442(a)(3). On August 27, 2013, Judge Timothy J. Savage, sitting by designation in the Middle District of Pennsylvania, remanded the case back to state court, concluding that because Conklin had not filed a complaint in state court, the district court could not confirm that reliance on the federal officer removal statute was appropriate. Judge Savage also observed the defendant had not filed a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pennsylvania Rule of Civil Procedure 1037(a), and "[h]ad she done

so, she would have forced Conklin to state what his claims are and what relief he is seeking." Mem. Op. 2 n.1, *Conklin v. Kane*, No. 13-01531 (M.D. Pa. Aug. 27, 2013), ECF No. 7.[2]

Once the case resumed in state court, Morrison filed a praecipe for a rule to file a complaint. Instead of filing the complaint and moving forward with the case, on October 31, 2013, Conklin filed a document titled "Plaintiff's Emergency Motion for Sanctions With Request for Hearing; Discovery." *See* Morrison's Brief in Opp'n to Pl.'s Emergency Mot. for Sanctions Ex. B (Sanctions Motion). The Sanctions Motion, which is the subject of the proceeding removed to this Court, was directed toward Judge Kane and Morrison. In it, Conklin argued Morrison was not authorized under the United States Attorney's Manual to represent Judge Kane in the state court action. He also maintained that removing the case before Conklin filed a complaint was an "egregious abuse of process" done for improper purposes to harass and intimidate Conklin and cause unnecessary delay and expense. Sanctions Motion 9. As sanctions, Conklin sought an injunction enjoining Morrison from representing Judge Kane and "punitive relief." In addition, Conklin argued Judge Kane should be estopped from obtaining judgment for failure to prosecute because Morrison never properly served the rule to file a complaint on Conklin, thus exempting him from any requirement to file a complaint in the action he initiated more than six months earlier.

Shortly before filing the Sanctions Motion in state court, Conklin, through his attorney Don Bailey, filed a complaint in the Middle District of Pennsylvania naming as defendants, among others, Judge Kane, Morrison, and Peter J. Smith, the United States Attorney for the

---

[2] Pennsylvania Rule of Civil Procedure 1037(a) provides "[i]f an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." Pa. R. Civ. P. 1037(a).

Middle District of Pennsylvania. The complaint in this separate federal action, which is also before this Court, sets forth various constitutional violations and specifically alleges that "[b]y removing plaintiff's Writ the defendants illegally terminated plaintiff's state filed case unlawfully seeking to prevent his opportunity to preserve his rights and further seeking to put the control of the administration of his case directly in the most powerful prosecutorial office in the nation." Compl. ¶ 100, *Conklin v. Kane*, No. 13-2618, (M.D. Pa. Oct. 23, 2013).[3] With the Sanctions Motion pending and a complaint filed in federal court naming Morrison and Judge Kane as codefendants, Morrison withdrew his appearance as counsel for Judge Kane in the state court action, and private counsel entered his appearance for Judge Kane on November 15, 2013. On November 25, 2013, the Dauphin County Court issued an order scheduling a hearing on the Sanctions Motion for December 9, 2013. On December 6, 2013, Morrison filed a notice removing the sanctions proceeding to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446. On January 6, 2014, Conklin filed the instant motion to remand the sanctions proceeding back to state court.

---

[3] During a teleconference held on the record with all parties to this removed sanctions proceeding, Conklin argued his Sanctions Motion is entirely distinct from the federal complaint because the Sanctions Motion is directed only at actions taken by Judge Kane and Morrison after the state court case was remanded, whereas the federal complaint challenges actions taken in connection with the initial removal. *See* Teleconference Tr. 32 (stating the federal complaint "is for everything before remand, and the state thing is for everything after remand"). This distinction is false. Even a cursory review of the Sanctions Motion reveals that it is predicated in large part on Morrison's filing of the notice of removal—the same action forming the basis of his suit filed in federal court. *See* Sanctions Motion 8-9 (describing the removal action commenced by Morrison and Judge Kane as "an egregious abuse of process; and, for purposes of this motion . . . representative of an ongoing pattern of abuse in violation of Rule(s) 1023.1 et seq., and, Fed. R. Civ. P. 11"); *id.* at 9 (stating Judge Kane and Morrison "commenced removal, in violation of the foregoing Rules(s), for improper purposes of harassing and intimidating Plaintiff"). Moreover, Conklin attached to the Sanctions Motion what he refers to as a "Safe Harbor" letter, in which he demanded $20,000 as a sanction for filing the notice of removal.

**DISCUSSION**

Before turning to the merits of his other motions, this Court must address Conklin's motion for recusal. Conklin seeks recusal pursuant to 28 U.S.C. § 455(a), which requires a judge to disqualify himself when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003); *accord United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007). Ultimately, whether recusal is appropriate is dependent upon whether the judge harbors "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Conklin's chief complaint is what he refers to as the "inexcusable delay" associated with the time that has elapsed between his motion for remand and its disposition. He contends this Court is holding his case hostage for unspecified "nefarious purposes." Mot. to Recuse 6. Nothing in his motion, however, addresses how, if at all, this Court's impartiality might reasonably be questioned based on the delay Conklin perceives in adjudicating his motions. Conklin also neglects to mention his own responsibility for the delay about which he complains. Under the Middle District of Pennsylvania's Local Rules of Civil Procedure, a party has fourteen days after a filing a motion to file a brief in support. Conklin filed his motion for remand on January 6, 2014, and his supporting brief on January 22, 2014. After the opposition was filed on February 7, Conklin sought from this Court an extension of time to file a reply. This Court granted him an extension until March 10, 2014. During that same period, Judge Kane moved to dismiss the Sanctions Motion, which required another round of briefing. Conklin asked for another extension to respond to the motion to dismiss, which was also granted, extending his deadline to respond until April 14, 2014. Judge Kane then filed a reply on May 1. Because

Conklin sought and received multiple extensions in connection with briefing these motions, any delay in resolving them is partially attributable to his own actions.[4]  In any event, the manner in which a court controls its docket is discretionary.  *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).  Conklin's allegations of inexcusable delay therefore provide no grounds for recusal and his motion will be denied.[5]

Next, this Court must consider whether it may properly exercise removal jurisdiction over this proceeding.  Removal to federal court under 28 U.S.C. § 1442(a)(1) is proper if the action is a "civil action" that is "directed to . . . any officer . . . of the United States . . . in an official or individual capacity, for or relating to any act under color of such office."  *Id.*  Section 1442(d)(1) clarifies that a "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."  28 U.S.C. § 1442(d)(1).  Conklin directed the Sanctions Motion against Morrison, an officer of the United States, for acts taken as an AUSA representing a federal judge.  Nevertheless, in his reply brief, Conklin challenges whether this proceeding is removable under § 1442, arguing Morrison was not acting "under color of such office" when he acted on behalf of Judge Kane because he did not have authority to do so in a state court proceeding not filed against her in her capacity as a federal judge.

---

[4] Conklin's motion for recusal, filed on August 13, 2014, has not been briefed.  Conklin never filed a brief in support, nor has a response been filed.  Nevertheless, to avoid any further delay associated with briefing this frivolous motion, the Court has decided to rule on it without the benefit of a response.

[5] Conklin also asserts this removed proceeding should have been assigned to Judge Savage.  The manner in which cases are assigned is irrelevant to whether this Court's impartiality might be reasonably be questioned.  Moreover, Conklin did not raise this issue until filing his recusal motion on August 13, 2014, approximately eight months after this Court was assigned the case, and as he acknowledges, the Middle District of Pennsylvania has no local rule regarding the assignment or reassignment of related cases.

To qualify for removal under § 1442, a federal officer must simply make an "adequate threshold showing" that the acts at issue were taken under color of office. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431-32 (1999).[6]  This requirement is satisfied if the officer raises "a colorable assertion of causality between the charged conduct and the asserted official federal authority." *In re Pennsylvania*, No. 13-1871, 2013 WL 4193960, at *9 (E.D. Pa. Aug. 15, 2013) (citing *Jefferson Cnty.*, 527 U.S. at 431-32).  Though Conklin maintains Morrison essentially acted on his own and outside his capacity as a federal officer when representing Judge Kane, the Supreme Court has held that "[i]f the question raised is whether [federal officers] were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).  Here, Conklin moved for sanctions against Morrison for acts taken in his capacity as an AUSA representing a federal judge.  This alone is more than sufficient to find the existence of removal jurisdiction under § 1442, a provision "which is broadly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994) (citing *Kolibash v. Comm. on Legal Ethics of the W. Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989)).[7]

---

[6] Under *Jefferson County*, a federal officer seeking to remove a case pursuant to § 1442 must also raise "a colorable federal defense."  527 U.S. at 431.  In connection with the instant removed proceeding, this Court is called upon to determine, among other things, whether Morrison acted appropriately as counsel under Federal Rule of Civil Procedure 11 when removing an action to federal court and whether Conklin has standing to challenge the decision by the United States Attorney's Office to provide representation to Judge Kane under the United States Attorney's Manual and 28 C.F.R. § 50.15, a federal regulation.  Conklin does not argue there are no colorable federal defenses associated with the removed proceeding, and this Court concludes such defenses are present.

[7] Conklin also argues that because only Morrison filed the notice of removal, the proceeding should not have been removed as to Judge Kane.  This argument fails because "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court." *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Federal officer removal

The closer question is not a jurisdictional but a procedural one—whether Morrison timely filed his notice of removal pursuant to 28 U.S.C. § 1446(g).  Conklin filed the Sanctions Motion, which gave rise to the removable proceeding, on October 31, 2013. He argues the notice of removal was untimely when filed on December 6, 2013—thirty-six days after the filing of the Sanctions Motion—because under § 1446, there is a thirty-day limit for filing a notice of removal.  Morrison contends the notice of removal was timely under § 1446(g) because the thirty-day clock runs from the date he received notice of the order setting a hearing on the Sanctions Motion (which was issued on November 25, 2013), not the motion itself.

Under § 1446(g), in connection with a proceeding removable under § 1442(a) in which "a judicial order for testimony or documents is sought or issued or sought to be enforced," the removing party may file a notice of removal "not later than 30 days after receiving, through service, notice of any such proceeding."  28 U.S.C. § 1446(g).  Conklin's motion for sanctions sought the imposition of sanctions or, alternatively, a hearing, discovery, and an order to show cause why Judge Kane and Morrison should not be subject to sanctions.  *See, e.g.*, Sanctions Motion 1.  Because Conklin's October 31, 2013, motion sought a judicial order for testimony or documents, the motion itself, which was served on Morrison, provided notice of a removable proceeding.  *Cf. In re Pennsylvania*, 2013 WL 4193960, at *12 ("Section 1446(g) contemplates the removal of a proceeding once the federal officer receives 'notice' that it will be asked to produce testimony or documents.").

The inquiry does not end there because subsection (g), which was added to § 1446 in 2011, has been interpreted to "contemplate[] that the same § 1442(a) proceeding could be removed at more than one juncture." *Id.* at *11; *see* 28 U.S.C. § 1446(g) (stating a notice of

---

constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition.").

removal is timely if it is filed within thirty days of receiving notice regarding "a proceeding in which a judicial order for testimony or documents is sought *or* issued *or* sought to be enforced") (emphasis added). This Court agrees with the district court's interpretation of the statute in *In re Pennsylvania*, the only case to have considered subsection (g), and finds that § 1446(g) contemplates permitting a federal officer to remove the same proceeding at multiple junctures. Thus, although the thirty-day clock was triggered when Conklin filed his motion for sanctions, this Court must determine whether the state court order scheduling a hearing "re-triggered" that clock.

To the extent § 1446(g) is ambiguous on this point, its legislative history reveals the provision was drafted with help from the Department of Justice to provide federal officers with multiple opportunities to remove a proceeding in which their testimony or documents are sought. *See* H.R. Rep. No. 112-117(I) at 6 (2011). As the district court observed, the House Report explained that the Justice Department typically ignored subpoenas at first, but wanted to maintain its ability to "re-trigger" the removal period when it received notice of a party's motion to enforce, the point at which the Department could no longer ignore the subpoena. *Id.*; *In re Pennsylvania*, 2013 WL 4193960, at *11. Moreover, because § 1446(g) applies only to proceedings removable under § 1442, the federal officer removal statute, it must be considered in tandem with this provision, which reflects the underlying principle "[t]hat a federal officer or agent shall not be forced to answer for acts performed under color of his office in anything but a federal forum." *Kolibash*, 872 F.2d at 576. To effectuate this principle, the federal officer removal statute must be "broadly construed." *Sun Buick, Inc.*, 26 F.3d at 1262; *Willingham*, 395 U.S. at 407 ("Congress has decided that federal officers . . . require the protection of a federal

forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).").

In light of these principles and policies, the Court finds the state court's November 25, 2013, order scheduling a hearing on the Sanctions Motion retriggered the thirty-day clock and, accordingly, Morrison's notice of removal filed on December 6, 2013, is timely under § 1446(g). As a practical matter, the court order scheduling the hearing for a date certain was the first event that made clear that the federal officer (Morrison) needed to take action, thus triggering another opportunity for removal. *See In re Pennsylvania*, 2013 WL 4193960, at *12 ("Congress intended to provide a federal officer with an opportunity to remove a proceeding when it would be clear that [the officer] needed to take action, even if it meant re-setting the clock to allow for a second or third chance") (alterations omitted). Although the order setting the hearing did not explicitly require the production of documents or Morrison's testimony, it was the functional equivalent of such an order, given the context in which it was issued. As noted above, Conklin sought, through a hearing, testimony or documents in connection with his Sanctions Motion. The state court order responded to those requests and when it ordered a hearing on the motion rather than disposing of it on the papers,[8] Morrison could reasonably infer his testimony would be required, as assessing the propriety of issuing sanctions is often, if not always, a fact-based enterprise. Further, the motion accused Morrison of removing the case for an improper purpose, and thus put his conduct and his state of mind directly at issue. For these reasons, the notice of removal is timely and the motion for remand will be denied.

---

[8] *See* Pa. R. Civ. P. 208.4 ("At the initial consideration of a motion, the court may enter an order that . . . disposes of the motion, or . . . sets forth the procedures the court will use for deciding the motion which may include . . . the holding of an evidentiary hearing."); Pa. R. Civ. P. 1023.1 Note ("The court in its discretion at any stage of the proceedings may deny a motion for sanctions without hearing or argument.").

Although the state court elected to hold a hearing regarding Conklin's Sanctions Motion, this Court declines to follow suit.  Having had the benefit of the parties' briefs and supporting documentation, and after holding a teleconference on the record, there is a sufficiently developed factual record before this Court to conclude Conklin's Sanctions Motion is meritless.  The Court will construe the motion as based on Federal Rule of Civil Procedure 11,[9] which provides, in pertinent part, that every pleading, written motion, and other paper must be signed by at least one attorney of record who represents that

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Based on the Rule's language, sanctions are generally only imposed on those who sign an offending document—whether an attorney or an unrepresented party.  Because Judge Kane was represented and did not sign the notice of removal or any other document filed in the state court litigation, she is not subject to any sanctions related to those filings.  Although the Court may consider whether a client should be held accountable for her part in causing a violation of Rule

---

[9] Rule 11 is only cited in passing in the motion, but to the extent Pennsylvania Rule of Civil Procedure 1023.1, which governs the imposition of sanctions in state court, conflicts with Rule 11, the federal rule applies pursuant to the *Erie* doctrine.  *See Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 552 (1991) (finding Rule 11 is procedural in nature and "consistent with the Rule Enabling Act's grant of authority [to] streamline the administration and procedure of the federal courts."); *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) ("One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules.").

11, *see* Fed. R. Civ. P. 11 advisory committee's note, Conklin does not contend Judge Kane misrepresented any facts or otherwise personally engaged in specific sanctionable conduct. Even if the attempted removal of the state court case warranted sanctions, which it does not, the propriety of removing a case is a legal issue that cannot form the basis for imposing monetary sanctions against Judge Kane. *See* Fed. R. Civ. P. 11(c)(5)(A) (stating a court may not impose monetary sanctions on a represented party for a violation of Rule 11(b)(2), which addresses the taking of frivolous legal positions).

As to Morrison, the standard for testing an attorney's conduct to determine whether to impose sanctions is whether the conduct was "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). This inquiry is guided by the principle that "[s]anctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate*, 618 F.3d 277, 297 (3d Cir. 2010). Conklin sought relief against Morrison in state court on three bases: (1) Morrison removed the case without a legal foundation and for an improper purpose; (2) Morrison had no authority under the United States Attorney's Manual to act on Judge Kane's behalf; (3) Morrison's failure to serve Conklin with the rule to file a complaint constituted grounds to enjoin him from seeking a judgment of non-prosecution in the state court case. Not one of these arguments supports the imposition of sanctions.

First, Morrison's decision to file the notice of removal is not subject to sanctions because it was objectively reasonable under the circumstances and the basis for doing so was not "patently unmeritorious or frivolous." *Id.* The available facts all show that Conklin's state court suit was most likely filed against Judge Kane in her official capacity. Conklin has demonstrated a clear pattern of animus toward members of the federal judiciary, Judge Kane in particular. *See,*

*e.g.*, *Anthou*, 2011 WL 1303299, at *2 (noting Conklin's numerous "disrespectful and impertinent references to [Judge Kane] and other named judicial officers in the Middle District of Pennsylvania" in his recusal motion). Informed by Conklin's litigation history, it was reasonable for Morrison to believe Conklin initiated suit against Judge Kane based on acts related to her status as a federal judge. This conclusion is buttressed by Conklin's steadfast refusal to divulge any facts related to the lawsuit he filed in state court. After initiating the lawsuit on April 4, 2013, Conklin did not file a complaint, despite having had the opportunity to do so both before and after the case was removed and later remanded. Doing so would have immediately clarified whether there was, or was not, a legal basis to remove this case under the federal officer removal statute. When this Court asked Conklin to clarify the nature of his state court claims on the record for the purposes of deciding the Sanctions Motion, Conklin again refused. *See* Teleconference Tr. 28 (Conklin stating, when asked about the basis for his state court complaint, "[t]hat's not up for discussion. There's no [c]omplaint, there's no federal question, and that goes right back to to this removal and for the hearing thing.").

For over a year, Conklin has suppressed the only remaining unavailable facts that bear upon his Sanctions Motion, facts which are entirely under his control. In light of Conklin's refusal to specify the nature of his claims, this Court can only logically infer that his lawsuit was in fact directed toward a judicial officer. Moreover, although Judge Savage concluded removal was premature when the notice was filed in June 2013, there was still an arguable legal basis for removing the case when Morrison did. As noted above, unlike other removal statutes, the federal officer removal statute is interpreted broadly in favor of removal to effectuate congressional intent that federal officers have access to a federal forum. *Willingham*, 395 U.S. at 407; *see also Acker,* 527 U.S. at 431 (noting "[u]nder the federal officer removal statute, suits against federal

officers may be removed despite the nonfederal cast of the complaint"). That Judge Savage decided to remand the action does not in and of itself make Morrison's decision to remove the case frivolous.

Second, Conklin has no standing, through a Sanctions Motion or otherwise, to challenge the United States' decision to assign an AUSA to represent Judge Kane in a state matter it believed was filed against her in her capacity as a federal judge. *See Falkowski v. EEOC*, 783 F.2d 252, 253-54 (D.C. Cir. 1986) (holding the Department of Justice's refusal to provide government employee with counsel in action brought against her by subordinate was an action committed to agency discretion and not subject to review). Conklin's suggestion that his state court case involves alleged conduct by Judge Kane outside the scope of her employment is not only unsupported by any complaint filed in state court, it is also irrelevant to the decision of the United States Attorney's Office to represent her, as "it is for the Government to determine whether federal employees should receive representation." *Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012); 28 C.F.R. § 50.15 ("[A] federal employee . . . may be provided representation in civil . . . proceedings in which [she] is sued . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."). Even if Conklin did have standing to challenge the decision to represent Judge Kane, because this Court has concluded it was reasonable for Morrison to assume that Conklin's suit was directed toward

Judge Kane in her capacity as a judge, any such challenge by Conklin would not provide a basis for imposing sanctions.[10]

Conklin's third basis for sanctions, Morrison's failure to serve Conklin with the rule to file a complaint, is now moot. On September 18, 2013, the prothonotary issued the rule upon Conklin to file a complaint, but as Conklin represented in his motion, he had not been served with the rule as of the filing of his Sanctions Motion. His Sanctions Motion therefore challenged what he believed at the time was Judge Kane and Morrison's intent to seek a non-prosecution judgment as of November 1, 2013. No non pros judgment was entered on November 1, 2013. Instead, the defect in service was remedied by Judge Kane's private counsel, and Conklin was served with the rule to file a complaint on November 19, 2013, (the very relief Conklin requested in his motion). *See* Sanctions Motion 14 (seeking relief requiring Judge Kane to retain a private attorney to serve and issue the rule to file a complaint upon Conklin). Incidentally, Conklin still failed to file a complaint. Because no complaint had been filed by December 9, 2013, in accordance with the relevant procedural rules, Conklin was served with a notice of intent to enter judgment of non-prosecution. On December 23, 2013, Judge Kane filed a praecipe for entry of judgment of non-prosecution in the state court action, and judgment was entered against Conklin.

In sum, because this proceeding was properly removed and there is no reason to impose sanctions in these circumstances, the Court will deny Conklin's motion to remand and his motion

---

[10] Moreover, Conklin is not entitled to any relief for any purported violation of the United States Attorney's Manual. *See, e.g.*, *United States v. Fernandez,* 231 F.3d 1240, 1246 (9th Cir. 2000) ("To begin, it is clear that the USAM does not create any substantive or procedural rights, including discovery rights. The USAM explicitly states that [t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal."); *United States v. Blackley*, 167 F.3d 543, 548-49 (D.C. Cir. 1999) ("[V]iolations of [DOJ] Manual policies by DOJ attorneys or other federal prosecutors afford a defendant no enforceable rights.").

for sanctions. However, because there is still no complaint in state court, there remains no basis for removal other than the sanctions proceeding disposed of by this Memorandum and the accompanying Order. Although it appears the state court case is now closed because Conklin has chosen the entry of judgment against him in lieu of filing a complaint, this Court has no jurisdiction to take any action other than that contemplated by the ancillary removed proceeding. *See* 28 U.S.C. § 1442(d)(1). What, if anything, remains of Conklin's state court action must therefore be remanded.

    An appropriate order follows.

                                          BY THE COURT:

                                          /s/ Juan R. Sánchez
                                          Juan R. Sánchez, J.