Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

**FILED**
**SCRANTON**

OCT 1 4 2014

Chief Clerk, Maria E. Elkins
c/o U.S. District Court
Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, Pa. 18501-1148

PER _____

DEPUTY CLERK

October 7, 2014

Re: Docket 1:13-cv-03058

Dear Ms. Elkins,

I am writing to you with regards to the above-referenced docket. I have serious concerns as to what appears, and/or, does not appear on the docket; that, when coupled to, certain orders, document entries/notices entered that, for whatever as yet inexplicable reason(s), were never sent me as otherwise required. In support, attached hereto and made fully part hereof, is my Affidavit, marked as Exhibit "A".

I can understand, the universal element of human error being what it is, where, for example, an isolated mistake can be made. However, as detailed below, these are not isolated mistakes, but represent a highly suspect pattern of incidences/occurrences that beggar the imagination any attempt to simply explain away.

To date, I have never received service by your office of the following orders:

(a) August 22, 2014 entry of an Order for a telephonic conference to be held on August 26, 2014 "for the purposes of scheduling a hearing on the outstanding motions in this case." (Doc. 24);

(b) September 3, 2014 "Document" entry of "transcript". (Doc. 27);

(c) September 5, 2014 Memorandum and Order, denying my motion(s) for recusal, remand, and sanctions against Morrison, and granting defendant Kane's motion to dismiss sanctions. (Docs. 28-29);

1

(d) September 8, 2014 Order, entry of [a so-called] "official" transcript.(Doc. 30); and,

(e) September 9, 2014 Order, indicating a "deadline", presumably imposed upon me, with regards to the "official" transcript entry. (Doc 31)

Moreover, the docket is remiss of what should have been an August 29, 2014 entry of my letter brief, as imposed, under protest, during the so-called August 26, 2014 telephone conference. The foregoing letter brief that I filed was not only sent with a proof of mailing, but was also witnessed by a notary public, being placed and sealed in an envelope addressed to the Middle District in Harrisburg. Attached hereto, is a true and correct copy of my letter brief, together with a copy of my proof of mailing and postal receipt, marked as Exhibit "B",

Whilst the letter briefs of both AUSA Mershimer and Attorney Schmidt do appear on the docket (Docs. 25-26, respectively) mine, mysteriously, does not. Which also reminds me, despite assertions to the contrary, neither, Ms. Mershimer or Mssr. Schmidt submitted a copy of their letter briefs to me.

Additionally, it should be noted that instead of receiving either Docs 30 or 31 (see (d) and (e) above), what was curiously sent to me [as dated September 9, 2014 on the envelope, bearing my mailing address in the window, via a cover-sheet with my case number] was a letter from Michael J. Costello, addressed to the Clerk's office in Scranton, coupled to a July 2, 2014 memorandum/order by Judge Conaboy.

It appears Mr. Costello is currently an inmate in a state correctional institute in Bellefonte, who is/was trying to ascertain what is/was going on in his own case, docketed as 3:13-cv-2224. Attached hereto, is a true and correct copy of what was actually sent to me, marked as Exhibit "C". Mr. Costello has been notified.

Please note: I have never had a case before Judge Conaboy; the docket number is obviously completely different than mine; and, as far as the U.S. District Court goes, all of my filings heretofore, have been done by and through the Middle District Court office in Harrisburg, only.

On Friday, October 3, 2014 I filed two appeals with the deputy clerk in the Middle District, Harrisburg. With respect to my appeal of 1:13-cv-02618, I informed the deputy clerk that I needed a copy of the underlying order, so I could insert copies thereof into that particular appeal. She informed me not to worry, as "they" would take care of that. That bothered me, as I wanted not only to formally include them into the notice of appeal, but also wanted a copy for my records.

That being said, while initially engaging and seemingly helpful, once I raised the issues of, *inter alia*, failure to be given notice, failure to docket my letter brief, and receipt of Mr. Costello's correspondence and alike, after consulting with unknown an someone, her response(s) became rather terse. I was attempting to lodge a complaint, without being afforded a remedy. I've since concluded my remedy now begins, (but well may not end) via this correspondence.

There can be no question there is an egregiously disturbing pattern involved here, that I believe, any reasonable person, knowing all the facts and circumstances would, in the farthest stretch of their imagination, not conclude it is merely a series of mistakes. Personally, I harbor no doubt, all of the foregoing was deliberate and intentional. Who is actually responsible for this sordid mess, and/or actually responsible for directing it, for no less than nefarious purposes, remains to be seen. What I do expect of you, as recently appointed chief of the clerk's office, is to fully investigate what has happened, and to forthwith, fully correct the record.

Thus, with all due respect to you and your office, I fully expect promptly that you:

    (a) fully investigate the foregoing and reply to me in kind;

    (b) properly serve me with all of the foregoing orders, memorandum(s), notices, and/or other documents of any kind that this office has, heretofore, failed to properly serve me with;

    (c) hereafter, any and all future order(s), memorandum(s), notice(s) and/or document(s) of any kind that your office is responsible for serving, that it be assured each and every thereof is actually served on me;

    (d) enter on the docket my August 29, 2014 letter brief, and that it be done so as timely filed; and,

(e) correct the docket with respect to any entry that may appear
   thereupon, involving Michael J. Costello, and his case.

As previously stated, my [request to a] remedy begins with you. Thus, I am
politely asking that, in your ministerial capacity, you right the wrongs, done
to me. Hopefully, you will address my grievances in a full and prompt
manner.

Thank you for your time and consideration in the foregoing matter; I look
forward to your reply in kind, preferably within ten (10) days of receipt
hereof, with all manner and means of remedy herein requested, provided.


Respectfully,


Stephen G. Conklin


Certified Mail No.: 7010 0290 0001 6248 3298


cc: Don Bailey

4

EXHIBIT A


AFFIDAVIT

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| | : | 1:13-cv-02618 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| | : | |
| Defendant. | : | AFFIDAVIT |
| | : | |

## AFFIDAVIT

Before me, the undersigned notary public this 7th day of October 2014

personally appeared Stephen G. Conklin, having satisfactorily proven to me

to be the person executing this Affidavit, who now duly sworn, deposes and

says:

1. I, Stephen G. Conklin, (hereinafter, "Affiant") am an individual adult,

   of sound mind and competent to make this Affidavit.

2. Affiant makes this Affidavit, having personal knowledge and

   information as it relates to the above-referenced caption, docket

   numbers/entries, together with additional facts appertaining thereto.

3. Affiant makes this Affidavit with respect to docket 1:13-cv-03058.

4. To date, Affiant have never received from the Clerk of Court the

   following:

a. August 22, 2014 entry of an Order for a telephonic conference to be held on August 26, 2014 "for the purposes of scheduling a hearing on the outstanding motions in this case." (Doc. 24);

b. September 3, 2014 "Document" entry of "transcript". (Doc. 27);

c. September 5, 2014 Memorandum and Order, denying my motion(s) for recusal, remand, and sanctions against Morrison, and granting defendant Kane's motion to dismiss sanctions. (Docs. 28-29);

d. September 8, 2014 Order, entry of [a so-called] "official" transcript.(Doc. 30); and,

e. September 9, 2014 Order, indicating a "deadline", presumably imposed upon me, with regards to the "official" transcript entry. (Doc 31)

5. August 29, 2014 Affiant submitted, under protest, a three (3) page letter brief, pursuant to an order issued during a "conference call" as occurred on August 26, 2014.

6. Affiant submitted his letter brief, with proof of mailing, the same of which was witnessed by a notary public, being placed in an envelope addressed to the Middle District Court, Harrisburg office.

7.  Affiant's letter brief does not appear on the docket.

8.  However, both Ms. Mershimer's and Attorney Schmidt's letter briefs do appear on the docket. Docs.  25-26, respectively)

9.  Despite claims to the contrary, neither of the foregoing letter briefs were served on Affiant.

10. Affiant has subsequently learned that the order to schedule a conference call (Doc. 24) states thereon, that it was specifically to "*discuss scheduling a hearing on the outstanding motions in this case, before Honorable Juan R. Sanchez*"

11. At no time during the so-called conference call, did Judge Juan R. Sanchez "discuss scheduling a hearing" for anything.

12. On or about September 12, 2014 Affiant received from the Clerk's office of the Middle District in Scranton, a brown envelope with Affiant's mailing address in the window.

13. The inside cover-sheet with Affiant's name and mailing address states it was under docket 1:13-cv-03058; however, the contents contained therein had nothing to do with Affiant or his docket.

14. The contents had to do with Michael J. Costello, [believed to be currently] an inmate of a state correctional institution in Bellefonte, Pa.

15. It contained correspondence directed to the Clerk's office in Scranton concerning his case under 3:13-cv-2224, stamped September 8, 2014 and included a July 2, 2014 order/memorandum from Judge Conaboy.

16. Affiant has never had Judge Conaboy in any case.

17. Affiant has only filed directly with the Harrisburg office of the Middle District Court.

18. On October 3, 2014 Affiant appeared at the Clerk's office in Harrisburg to file, *inter alia*, two appeals.

19. Affiant inquired of the deputy clerk why his letter brief does not appear on the docket.

20. Affiant further stated he had not received various orders, memorandum, etc., and that he had received an inmate's filing.

21. The deputy clerk left the window and appeared to consult with an unknown individual.

22. The deputy clerk questioned whether Affiant had changed his mailing address to the Court – it had not.

23. The deputy clerk inquired whether his letter brief had actually been sent to the Harrisburg office – it had, as indicated in ¶ 6 above.

24. The deputy clerk stated that had Affiant sent his letter brief to their (Harrisburg) office, it would have been stamped.

25. The deputy clerk further stated that the clerk's office [record indicates] mailed the orders Affiant avers he never received.

26. The deputy clerk had no response as to why Affiant received Mr. Costello's mailing.

27. The deputy clerk offered no response as to Affiant receiving Mr. Costello's mail.

Further, Affiant saith naught.

_____

Stephen G. Conklin


Sworn to and subscribed before me, ___Alicia R Trump___,
notary public, this __7ᵘʰ__ day of October, 2014.


My Commission Expires: ___Jan 29, 2018___    _____

Notary Public

Seal:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Alicia R. Trump, Notary Public
Ross Twp., Allegheny County
My Commission Expires Jan. 29, 2018

# EXHIBIT B

# LETTER BRIEF

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 | |
| Plaintiff, | : | 1:13-cv-02168 | |
| | : | (Sanchez, J.) | |
| v. | : | Related: 1:13-cv-01531 | |
| | : | (Savage, J.) | |
| YVETTE KANE | : | Related: 2013-CV-2962 | |
| Defendant. | : | CONFERENCE BRIEF | |

PLAINTIFF'S CONFERENCE ORDERED BRIEF

## I. INTRODUCTORY

As stated during the telephonic conference, Plaintiff **PROTESTS** this
Court's telephonic conference, in its entirety, for, *inter alia:* the fact [to date]
Plaintiff has NEVER received a notice from this Court for said conference;
the conference was NOT as purported, i.e., "for the purposes of scheduling a
hearing on all outstanding motions"; and, this Court, having tacitly
acknowledged removal was "untimely" literally instructed opposing
counsels' to, in effect, give this Court an excuse why removal would still be
warranted - all of the foregoing further demonstrating an absolute bias and
prejudice towards Plaintiff. Plaintiff submits this brief, **under Protest**,
whilst exercising an abundance of caution in protecting Plaintiff's rights.

## II. ARGUMENT

During conference, this Court stated Plaintiff has presented an
"interesting and thorny" issue with respect to his demand for remand/reply,
as applicable to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446(g). This
Court went on to make numerous references to the August 15, 2013
"McLaughlin" Order/Memorandum, docketed as No. 13-cv-1871, which
addressed the foregoing statutes. As noted in the "McLaughlin"
memorandum, beginning with page 17 [IV. Motion to Remand] *"the [] **has
removed the proceeding under 28 U.S.C. § 1442(a)(1), the federal officer
removal statute, and § 1442(d)(1), the provision <u>seeking subpoenas for
testimony or documents from a federal officer.</u>"* (emphasis added)

On November 9, 2011, the foregoing statutes were amended pursuant to
the Removal Clarification Act, P.L. 112-51. ("RCA")The foregoing Act is
based on H.R. 358. (February 28, 2011 Congressional Record-House,
H1371-72) As clearly and repeatedly noted by congressional intent, its
impetus concerned "**pre-complaint discovery**" in state courts. As stated by
its sponsor, Georgia Rep. Johnson: "… a Federal officer should be able to

1

remove…when it involves the Federal officer's *exercise of his or her official responsibilities.*"[adding] " .. the bill.. makes clear that '*if there is no other basis for removal, only the discovery proceeding may be removed..*'" Concluding with, "*Finally, the bill makes clear that the timing requirement under 28 U.S.C. 1446 will not be changed..*" These were echoed by Reps. Lungren and Lee; the latter stating, "H.R. 368 does not make any changes to the underlying removal law. *It simply clarifies …1442(a) by including any proceeding, to the extent…, a judicial order, including a subpoena for testimony or documents, is sought or issued*." Of course, none of this applies to Plaintiff's state court motion.

AUSA Butler's December 6, 2013 notice of removal is squarely based on Plaintiff's October 31st Emergency Motion, relying almost exclusively as if Plaintiff's motion had to do with the first removal; and not, as clearly set forth in plaintiff's motion, on events after remand. Only *after* Plaintiff filed his January 6, 2014 motion to remand, did the bedrock contention now become and thereafter remain, that the timeliness of removal is premised on a November 25, 2013 state court order, granting Plaintiff, a "hearing" on his "motion". At conference, Attorney Schmidt raised issue as to the vagueness of what constitutes a 'hearing' under state/local practice. Pursuant to state/local motion rule(s) – allow me to clarify.

All the state court did is issue a hearing on Plaintiff's motion. There is nothing in that order to even remotely suggest that a subpoena, production of document; nor, even on the outside, a rule to show cause would/could issue implicating such. In fact, unlike a petition to the court, which may have included a "rule to show cause", per LR 208.4 [Entry of Order] at best, it is only "(a) *At the initial consideration of a motion*, [Dec. 9th] the court shall enter an order in accordance with Pa.R.C.P. 208.4. ("Rule") This differs from State Rule only by exchanging "shall" for "may". Rule 208.4 goes on to state that under LR208.4(a)(1) the state court could, "*dispose of the motion*". This was certainly the intent of Defendant Kane, when on December 4, 2013 *she sought to "quash" Plaintiff's motion*, asking for and being granted argument thereon by the state court for December 9th. Or, assuming Plaintiff's motion was not disposed/quashed, per Rule 208.4(a)(2) "*set forth the procedures the court will use for deciding the motion which may include one or more of the following*: (i) the filing of initial or supplemental responses, (ii) the filing of initial or supplemental briefs, (iii) the filing of affidavits, depositions, and the like, (iv) *the issuance of a rule to show cause pursuant* to subdivision (b) of this rule, (v) *the holding of an evidentiary hearing*, and (vi) *the entry of an order providing for any other procedure for developing the record*." (emphasis added)

2

The foregoing is certainly on point with what the "McLaughlin" Court considered. Though potentially FCDO may have contemplated removal earlier, it wasn't until the Pa. Supreme Court directed the PCRA Court to make a determination as to source of funding; and, PCRA Court on April 3, 2013 discussed in open court, the types of evidence FCDO would produce, thereafter by order, scheduling a [subsequent] hearing, whereby, "testimony and/or documents" would be produced.

Accordingly, not only has Plaintiff sufficiently pled, and this Court has tacitly acknowledged that the removal was untimely, but equally, given the fact that per "RCA"and the "McLaughlin" opinion, Federal officer removal allows for multiple bites at the apple, it was totally premature. Had AUSA Butler simply waited to see, *if*, at or following the December 9th hearing, an actual order had been entered for a rule to show cause, and/or otherwise implicating rules (i-v) as stated above, maybe, just maybe there would then be sufficient cause for removal.

As a final note: Nowhere does AUSA Butler "certify" that the acts undertaken by AUSA Morrison following the August 27, 2013 remand, were ***"within the scope of their employment"***; or, as otherwise required, specifically, ***"by direct averment exclude the possibility that [Morrison's] action[s] was/were based on acts or conduct not justified by his federal duty."*** (emphasis added)

## Judicial Notice

This Court is to take Judicial Notice of: Pa.R.Civ.P. 208.1 et seq.; Dauphin County Local Rule 208 et seq.; the Removal Clarification Act – P.L.112-51; and, H.R. 358, Congressional Record-House, H1371-72.

## III.CONCLUSION

There is no Complaint, no cause of action, no federal defense, and, no lawful authority for any federal officer to act. Nor, was there any subpoena or discovery request issued. Nor, an order entered for issuance of a rule to show; evidentiary hearing; production of documents or the taking of testimony, etc.. Thus, for the reasons set forth above, together with Plaintiff's Motion for Remand, brief in support, and March 10, 2013 Reply, Plaintiff's motion for remand must be forthwith granted.

Stephen G. Conklin

3

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| Plaintiff, | : | 1:13-cv-02168 |
| | : | (Sanchez, J.) |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| Defendant. | : | CONFERENCE BRIEF |

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Plaintiff above, does hereby certify this 29th day of
August 2014, that I caused to be served upon Designate-Judge, Juan R.
Sanchez an original, plus 2 copies of my Conference Ordered brief, by First
Class U.S. Mail, postage prepaid, with 2 proofs of service, as addressed
below; and, a true and correct copy thereof, upon opposing counsels, by First
Class U.S. Mail as addressed below:

Juan R. Sanchez, Designate Judge
c/o Ronald Reagan Federal Bldg.
Clerk of Courts, 10th Fl.
Harrisburg, Pa. 17108

AUSA Michael Butler
c/o Ronald Reagan Federal Bldg
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
(Atty. For Mark E. Morrison)

Thomas Schmidt, Esq.
c/o Pepper Hamilton, LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pa. 17108

By: _____
Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

4



**USPS UNITED STATES POSTAL SERVICE®**   **Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Stephen G. Conklin
c/o 22 Nairdale Street
Pittsburgh Pa. 15214

To: Judge Juan R. Sanchez
c/o Ronald Reagan Federal Bldg
ATTN: Clerk of Courts
228 Walnut ST.
Harrisburg, Pa. 17108

PS Form **3817**, April 2007  PSN 7530-02-000-9065

---

```
           McKnight Post Office
        PITTSBURGH, Pennsylvania
               152379998
          4168050037 -0098
08/29/2014    (800)275-8777    06:50:03 PM

============ Sales Receipt ============
Product            Sale  Unit      Final
Description        Qty   Price     Price

HARRISBURG PA 17108 Zone-3         $0.91
First-Class Mail Letter
  2.60 oz.
  Expected Delivery: Tue 09/02/14
  Nonmach First-Class              $0.21
                                 ========
  Issue Postage:                   $1.12

Domestic          1    $1.30       $1.30
Certificate
of Mailing
HARRISBURG PA 17108 Zone-3         $0.91
First-Class Mail Letter
  2.60 oz.
  Expected Delivery: Tue 09/02/14
  Nonmach First-Class              $0.21
  Customer Postage                -$1.12
    Subtotal:                      $0.00
Domestic          1    $1.30       $1.30
Certificate
of Mailing
HARRISBURG PA 17108 Zone-3         $0.49
First-Class Mail Letter
  0.90 oz.
  Expected Delivery: Tue 09/02/14
                                 ========
  Issue Postage:                   $0.49

HARRISBURG PA 17108 Zone-3         $0.49
First-Class Mail Letter
  0.90 oz.
  Expected Delivery: Tue 09/02/14
                                 ========
  Issue Postage:                   $0.49

(Forever) A        1    $4.90      $4.90
Flag for All
Seasons PSA
Bklt/10
                                 ========
Total:                             $9.60

Paid by:
Cash                              $10.60
Change Due:                       -$1.00
***********************************
***********************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
```

# EXHIBIT C

# MR. COSTELLO'S CASE

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh,PA 15214

SEP 0 8 2014

IN-RE: Michael J. Costello            :            PER ~~~~~~~~~~~~~
                    Plaintiff                         DEPUTY CLERK

            V.
PENNSYLVANIA PAROLE BOARD          •    CiviL No. 3:13 CV-13-2224
            Defendant                •      (Judge Conaboy)


Dear Clerk,

            After submitting what SHOULD have been the
SECOND TO THE LAST Amendment you recieved from me,
I recieved the enclosed letter from The Honorable Judge
Conaboy, instructing me to file a single, all-inclusive
amendment (see article 2, page 4 of his letter.)

            I did so, and, as-per the photo-copied postage reciepts on
the reverse side of the last page of his letter, I returned
the properly re-structured amendment to your office
(and a copy to Dept. of Parole in Hbg.) well within the
21 day deadline to do so.          (on 7-14)

            Since my re-submission of this document, I have
yet to recieve confirmation of its reciept from you, or
its acceptance by Honorable Judge Conaboy. Please forward
same as soon as possible. Thank You.


                                    Respectfully,
                                        Michael J. Costello
                                    Michael J. Costello
                                        PRO-SE

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL J. COSTELLO,          :
                              :
        Plaintiff       :
                              :
        v.               :      CIVIL NO. 3:CV-13-2224
                              :
PENNSYLVANIA PAROLE BOARD,   :     (Judge Conaboy)
                              :
        Defendant      :

FILED
SCRANTON
JUL 0 2 2014

PER _____ crc
DEPUTY CLER

### ORDER

      This pro se civil rights action was initiated by Michael J. Costello, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). The only Defendant listed in the Complaint is the Pennsylvania Board of probation and Parole.

      According to the Complaint, after being granted parole on May 18, 2013, an alleged unconstitutional policy of the Pennsylvania Board of Probation and Parole (Parole Board) regarding sex offenders caused the rejection of Plaintiff's home plan. Service of the Complaint was previously ordered.

      Presently pending is Plaintiff's motion requesting leave to file an amended complaint and incorporated amendments. See Doc. 12. The Plaintiff has also submitted two additional amendments (Docs. 10 & 22). Also before the Court is Defendant's motion to dismiss the original complaint. See Doc. 14.

Federal Rule of Civil Procedure 15(a) provides:

> **(a)   Amendments Before Trial.**
>    (1) **Amending as a matter of course.**   A party may
>        amend its pleading once as a matter of course
>        within:
>        (A)  21 days after serving it; or
>        (B)  if the pleading is one to which a
>             responsive pleading is required, 21 days
>             after service of a responsive pleading or
>             21 days after service of a motion under
>             Rule 12(b), (e), or (f), whichever is
>             earlier.

Based upon an application of Rule 15(a) Plaintiff can file an

Amended Complaint as a matter of course because his motion to

amend was filed prior to submission of the Defendant's motion to

dismiss.

Rule 15(a)(2) additionally provides that "[t]he court

should freely give leave [to amend] when justice so requires."

Furthermore, pro se litigants are afforded liberal treatment,

Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants

are to be granted leave to file a curative amended complaint "even

when a plaintiff does not seek leave to amend," unless such an

amendment would be inequitable or futile.  Alston v. Parker, 363

F.3d 229, 235 (3d Cir. 2004).

Since liberal treatment must be afforded to pro se

litigants, Plaintiff has not previously filed an amended complaint

and can do so as a matter of right, his motion to amend will be

granted.  However, since Costello has not made any submissions

which could stand by itself as a proper amended complaint, he will

be directed to file a single all inclusive amended complaint

2

solely regarding the allegations set forth in the Original

Complaint within twenty-one (21) days of the date of this Order

which adheres to the standards set forth herein.

Plaintiff is advised that in order to state a viable civil

rights claim each named defendant must be shown, via the

complaint's allegations, to have been personally involved in the

events or occurrences which underlie those claims set forth in the

Original Complaint.  Rode v. Dellarciprete, 845 F.2d 1195, 1207

(3d Cir. 1988).[1]

Costello is reminded that his amended complaint must be

complete in all respects.  It must be a new pleading which stands

by itself without reference to the complaint or submissions

already filed.  The amended complaint should clearly identify each

Defendant, set forth the factual substance underlying Plaintiff's

claims in short, concise and legible statements, and specify the

constitutional claims and relief being sought.[2]  Failure of the

------

[1]  The United States Supreme Court in Leatherman v. Tarrant
County Narcotics Unit, 507 U.S. 163, 167 (1993), noted that a §
1983 complaint need only to comply "with the liberal system of
'notice pleading' set up by the Federal Rules."  Id.

[2]  Plaintiff is also advised that in order to state a viable
civil rights claim he must make a showing that the conduct
complained of was committed by a person acting under color of law
and that said conduct deprived him of a right, privilege, or
immunity secured by the Constitution or by a statute of the United
States.  Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.
1984).
A prerequisite for a viable civil rights claim is that a
defendant directed, or knew of and acquiesced in, the deprivation
of his constitutional rights.  Gay v. Petsock, 917 F.2d 768, 771
(3d Cir. 1990).  This is the personal involvement requirement.
Liability may not be imposed under § 1983 on the principle of
(continued...)

Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.  In light of this determination, the Defendant's pending motion to dismiss will be dismissed on the basis of mootness.  An appropriate order will enter.

AND NOW THIS ___ DAY OF JULY, 2014, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion (Doc. 12) seeking leave to file an amended complaint is **GRANTED**.

2. Within twenty-one (21) days of the date of this Order, Plaintiff may file a single, all inclusive Amended Complaint.[3]

3. Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

4. Defendant's motion to dismiss (Doc. 14) is **DISMISSED AS MOOT**.

---

[2](...continued)
respondeat superior.  See Rode, 845 F.2d at 1207 (a defendant in a civil rights action must have personal involvement in the alleged wrongs which can be shown through allegations of personal direction or of actual knowledge and acquiescence).

[3] Attached to this Order is a form civil rights complaint which this Court routinely provides to pro se litigants.

4

5.    Plaintiff's proposed amendments (Docs. 20 &

24) are not accepted.

RICHARD P. CONABOY
United States District Judge

5

**Postage Order And Receipt**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
S.C.I. ROCKVIEW

**REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | HOUSING UNIT | DATE |
|---|---|---|---|
| HW-9804 | Michael J. Costello | HB-1014 | 7-14-14 |

**1. PERSON TO WHOM MAIL IS SENT**

NAME: US District Court Middle Dist.
Address: 235 N. Washington Ave P.O. Box 1148
Scranton Pa. 18501-1148

Check if applicable

__X__ Regular first class mail $ ____

____ Certified return receipt $ ____

____ Certified Only $ ____

____ United Parcel Service (Pkg) $ ____

____ Others (air) $ ____

TOTAL AMOUNT $ ____

**INMATE'S SIGNATURE** _(signature)_   **4. OFFICIAL APPROVAL**

**BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED | DATE |
|---|---|
| | |

White Copy – Inmate Accounting     Pink Copy – Inmate

---

**Postage Order And Receipt**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
S.C.I. ROCKVIEW

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | HOUSING UNIT | DATE |
|---|---|---|---|
| HW-9804 | Michael J. Costello | HB-1014 | 7-14-14 |

**2. PERSON TO WHOM MAIL IS SENT**

NAME: Pa Dept of Prob And Parole
Address: 1101 South Front St. Suite 5100
Harrisburg, Pa. 17104

Check if applicable

__X__ Regular first class mail $ ____

____ Certified return receipt $ ____

____ Certified Only $ ____

____ United Parcel Service (Pkg) $ ____

____ Others (air) $ ____

TOTAL AMOUNT $ ____

**3. INMATE'S SIGNATURE** _(signature)_   **4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

| $ CHARGE ENTERED | DATE |
|---|---|
| | |

White Copy – Inmate Accounting     Pink Copy – Inmate

Michael J. Costello
HW-9804
Box A
Bellefonte, PA 16823-0820

7011 1570 0002 5134

RECEIVED
SCRANTON

SEP 10 2014

PER
DEPUTY CLERK

CERTIFIED MAIL
Return Receipt Requested

United States
for the
Middle District
235 N. Washin
PO Box 1148
Scranton, P

ATTN: Office of THE CLERK



U.S. POSTAGE
PAID
PITTSBURGH, PA
OCT 15237
AMOUNT
$11.75
00988650
1850





UNITED STATES POSTAL SERVICE

1021  1850

RETURN RECEIPT REQUESTED

PLEASE PRESS FIRMLY

7010 0290 0001 6248 3298

**PRIORITY® MAIL**
UNITED STATES POSTAL SERVICE

Flat Rate
Mailing Envelope

*For Domestic and International Use*

Visit us at usps.com

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

**INTERNATIONAL RESTRICTIONS APPLY:**

**4-POUND WEIGHT LIMIT ON INTERNATIONAL APPLIES**

Customs forms are required. Consult the *International Mail Manual* (IMM) at pe.usps.gov or ask a retail associate for details.

RECEIVED
SCRANTON
OCT 14 2014

From:/Expéditeur:

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

To:/Destinataire:

Maria E. Elkins, chief clerk
for the U.S. District Court for the
Middle District of Pennsylvania
c/o P.O. Box 1148
235 N. Washington Ave,
Scranton, Pa. 18501-1148

Country of Destination:/Pays de destination:

18501-1148

♻ Recycled Paper

Please recycle.